IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | : | Case No. 5:23-CV-1171 |
| | : | |
| Plaintiff, | : | JUDGE BRENNAN |
| | : | |
| v. | : | MAG. JUDGE. PARKER |
| | : | |
| ZEID HADDADIN, et al., | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendants. | : | |

---

**ANSWER OF DEFENDANTS
ZEID HADDADIN, KYLE TRSINAR, EMMALEE CARVER, AND JACKSON
TOWNSHIP TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants, Zeid Haddadin, Kyle Trsinar, Emmalee Carver, and Jackson Township (collectively, "Defendants"), by and through undersigned counsel, file the within Answer to Plaintiff's Amended Complaint (DOC #3), averring as follows:

1. In reply to paragraph 1, Defendants admit that Plaintiff purports to bring claims under the United States Constitution, Amendment IV, but deny that they violated any of Plaintiff's constitutional rights. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the Complaint and, therefore, deny such allegations.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint. Further responding, Defendants aver that no one by the name "Jon Schade" is affiliated with Jackson Township or the Jackson Township Police Department.

7. In reply to paragraph 7 of the Complaint, Defendants admit that Plaintiff purports to bring claims pursuant to 42 U.S.C. §§ 1983 and/or 1988 and that Plaintiff seeks to invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, but deny that they violated any of Plaintiff's rights. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8. In reply to paragraph 8 of the Complaint, Defendants admit that venue is proper in this Court. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. In reply to paragraph 9 of the Complaint, Defendants admit that on or about February 25, 2023 at 4:33:15 a.m., Defendant Jackson Township received an alert for license plate #JVM1640 from a FLOCK camera located at South Boulevard and Fulton Street. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint and, therefore, deny such allegations.

12. In reply to paragraph 12 of the Complaint, Defendants admit that Plaintiff was operating his motor vehicle at approximately 04:37 a.m. on February 25, 2023. Further responding, Defendant Zeid Haddadin observed Plaintiff's vehicle and visually identified that the license plate on the vehicle matched the license plate listed in the FLOCK alert. Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13. In reply to paragraph 13 of the Complaint, Defendants admit that Plaintiff made a right turn and that Defendant Haddadin initiated a traffic stop. The remaining allegations in paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. In reply to paragraph 19 of the Complaint, Defendants admit that Defendant Haddadin asked Plaintiff for his insurance and registration and whether there were any weapons in his vehicle. The remaining allegations in paragraph 19 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. In reply to paragraph 22 of the Complaint, Defendants admit that the traffic stop initiated by Defendant Haddadin was recorded using a wearable camera system ("WCS") device. Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23. In reply to paragraph 23 of the Complaint, Defendants admit that Defendant Haddadin contacted other law enforcement agencies regarding Plaintiff's status as a person of

interest and/or potential suspect in an active, ongoing investigation of a missing juvenile. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. In reply to paragraph 24 of the Complaint, Defendants admit that Plaintiff was not issued a citation. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 of the Complaint and, therefore, deny such allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27 of the Complaint and, therefore, deny such allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 of the Complaint and, therefore, deny such allegations.

29. Paragraph 29 of the Complaint consists of Plaintiff's speculation and opinion, regarding which Defendants lack sufficient knowledge or information to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 30 of the Complaint.

31. In reply to paragraph 31 of the Complaint, Defendants admit that the Jackson Township Police Department has a policy concerning the use of Automated License Plate Reader

("ALPR") cameras. Further responding, the Police Department's policies speak for themselves. The remaining allegations in paragraph 30 of the Complaint consist of legal arguments or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32. In reply to paragraph 32 of the Complaint, Defendants admit that the Jackson Township Police Department has a policy concerning the use of ALPR cameras. Further responding, the Police Department's policies speak for themselves. Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint consists of Plaintiff's speculation and opinion, regarding which Defendants lack sufficient knowledge or information to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations in paragraph 33 of the Complaint.

34. In reply to paragraph 34 of the Complaint, Defendants admit that the Jackson Township Police Department has written policies, which speak for themselves. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. In reply to paragraph 35 of the Complaint, Defendants admit that the Jackson Township Police Department has written policies, which speak for themselves. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36. In reply to paragraph 36 of the Complaint, Defendants admit that Plaintiff references a document not promulgated by Jackson Township. Further responding, the Ohio Attorney General's bulletin speaks for itself. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37.     In reply to paragraph 37 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 36 of the Complaint as if fully re-written herein.

38.     In reply to paragraph 38 of the Complaint, Defendants admit that Plaintiff purports to quote a portion of a statute.  Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     In reply to paragraph 39 of the Complaint, Defendants admit that Plaintiff purports to quote a portion of the U.S. Constitution.  Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     In reply to paragraph 51 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 50 of the Complaint as if fully re-written herein.

52.     Defendants admit the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     In reply to paragraph 67 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 66 of the Complaint as if fully re-written herein.

68.     In reply to paragraph 68, Defendants admit that Plaintiff purports to bring unspecified claims of "intentional torts" against Defendants Haddadin, Trsinar, and Carver. Defendants deny the remaining allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.    Defendants deny the allegations in paragraph 72 of the Complaint.

73.    Defendants deny the allegations in paragraph 73 of the Complaint.

74.    In reply to paragraph 74 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 73 of the Complaint as if fully re-written herein.

75.    Defendants deny the allegations in paragraph 75 of the Complaint.

76.    Defendants deny the allegations in paragraph 76 of the Complaint.

77.    Defendants deny the allegations in paragraph 77 of the Complaint.

78.    Defendants deny the allegations in paragraph 78 of the Complaint.


60.    In reply to paragraph 60 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 78 of the Complaint as if fully re-written herein.[1]

61.    Paragraph 61 of the Complaint is unintelligible. Defendants deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations in paragraph 62 of the Complaint.

63.    Defendants deny the allegations in paragraph 63 of the Complaint.

64.    Defendants deny the allegations in paragraph 64 of the Complaint.

65.    In reply to paragraph 65 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 78, and 60 through 64, of the Complaint as if fully re-written herein.

66.    Defendants deny the allegations in paragraph 66 of the Complaint.

67.    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    In reply to Paragraph 68 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 78, and 60 through 67, of the Complaint as if fully re-written herein.

---

[1] Plaintiff's Complaint erroneously re-starts its numbered paragraphs at #60.  For ease of reference, Defendants have maintained the same numbering convention herein.

69. In reply to Paragraph 69 of the Complaint, Defendants admit that Jackson Township employed Defendants Haddadin, Trsinar, and Carver. Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint consists of Plaintiff's speculation and opinion, regarding which Defendants lack sufficient knowledge or information to admit or deny the allegations. To the extent a response is required, Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. In reply to the "Prayer for Relief" paragraph of the Complaint and its subparts, Defendants specifically deny that Plaintiff is entitled to any relief requested.

79. Defendants deny each and every other averment not specifically admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

WHEREFORE, having replied to Plaintiff's allegations, Defendants deny that Plaintiff is entitled to any relief sought. Defendants hereby assert the following defenses, which may include one or more affirmative defenses.

1.      Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded.

2.      Plaintiff is not entitled to all or part of the relief sought.

3.      Upon information and belief, Plaintiff's Complaint fails to state a claim upon which an award of compensatory damages can be granted.

4.      Plaintiff's Complaint must be dismissed because of insufficient process and/or insufficient service of process.

5.      Plaintiff's claims fail for failure to join an indispensable party.

6.      Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

7.      Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to mitigate his damages and other relief claimed, or, in the alternative, the damages and other relief claimed are limited to the extent Plaintiff has failed to mitigate the same.

8.      Plaintiff's claims fail to the extent that they are untimely and/or barred by applicable statutes of limitations.

9.      12.      Plaintiff's claims for damages are barred or must be reduced on account of O.R.C. §§ 2315.01, 2315.18, 2315.19, 2315.20, and 2315.21.

10.      Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust any pre-requisites to suit, and/or to the extent the claims are barred by the election of remedies doctrine.

11.      Plaintiff's damages are speculative and thus unavailable as a matter of law.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrines of license, mootness, ripeness, estoppel, issue preclusion, claim preclusion, res judicata, laches, waiver, and unclean hands.

13.     In the event that Defendants discover any after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendants would be barred by the doctrine of after-acquired evidence.

14.     Plaintiff is not entitled to recover punitive damages because at all relevant times, Defendants made good faith efforts to comply with all applicable laws.

15.     All actions taken by Defendants were in compliance with all laws, were privileged, and absolutely privileged.

16.     Plaintiff has failed to allege facts sufficient to support a claim of a deprivation of rights under 42 U.S.C. Section 1983.

17.     Statutory authority constitutes the exclusive remedy for Plaintiff's claims to the exclusion of any common law causes of action.

18.     Plaintiff suffered no compensable damages as a result of any alleged actions of Defendants.

19.     Plaintiff fails to state a constitutional deprivation supporting his claims.

20.     Plaintiff's claim for punitive damages is in violation of the Ohio and United States Constitution and the common law.   Plaintiff's claims for punitive damages must be dismissed as punitive damages are not recoverable against a political subdivision or its employees acting in their official capacity.

21.     Some or all of Plaintiff's claims may be precluded by virtue of the absolute and qualified immunity granted to Defendants, by law, including but not limited to good faith

immunity, quasi-judicial immunity, the immunity provided by O.R.C. §§ 2744.01 et seq., and all other applicable statutory immunity.

22.     The individual Defendants are entitled to a defense of qualified immunity, as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

23.     At all times, the individual Defendants were acting in their respective official capacities.

24.     Some or all of Plaintiff's claims are barred by the Eleventh Amendment, sovereign immunity, or by Ohio's "Political Subdivision Tort Liability Act," as codified in O.R.C. §§ 2744.01 et seq.

25.     To the extent plaintiff's claims are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

26.     Statutory authority constitutes the exclusive remedy for Plaintiff's claims to the exclusion of any common law causes of action.

27.     Plaintiff is not entitled to attorneys' fees and costs and Plaintiff's prayers for such relief should be denied.

28.     Plaintiff has failed to allege his purported causes of action with sufficient particularity to enable Defendants to raise all appropriate defenses, and, therefore, Defendants reserve the right to assert additional defenses as the factual basis for each becomes known

29.     Defendants reserve the right to raise additional defenses as discovery proceeds. Further, Defendants give notice that they intend to rely upon and utilize any other defenses

which may become available or apparent during the course of this litigation, and hereby expressly reserves the right to amend their Answer to assert any such defenses.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and the Court award Defendants' reasonable attorneys' fees and such other relief to which Defendants are entitled.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

/s/ *Scott H. DeHart*
Scott H. DeHart (0095463)
shd@zrlaw.com
Drew C. Piersall (0078085)
dcp@zrlaw.com
17 South High Street, Suite 900
Columbus, Ohio 43215
Phone: 614-224-4411
Facsimile: 614-224-4433

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on July 11, 2023 a copy of the foregoing *Answer* was filed with the Court's electronic filing system and will be served upon all parties via the Court's electronic filing system. Parties may access this filing through the Court's system. Further, a copy of the foregoing was served upon Plaintiff *pro se* by ordinary U.S. Mail, postage prepaid, this same day, at the following address:

Michael Smith
1225 Skyline Dr. Apt. 105
Orrville, OH 44667

/s/ *Scott H. DeHart*
Scott H. DeHart (0095463)
shd@zrlaw.com

*One of the Attorneys for Defendants*