IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael Smith, | ) Case No. 5:23-cv-1171 |
| | ) |
| Plaintiff, | ) JUDGE BRIDGET M. BRENNAN |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| ZEID HADDADIN, et. al., | ) |
| | ) |
| Defendant. | ) **ORDER** |
| | ) |

*Pro Se* plaintiff Michael Smith has filed an affidavit of need and an accompanying motion requesting that pro bono counsel be appointed to represent him in this matter. ECF Doc. 29. Upon review of the record and pleadings at this time, I do not find exceptional circumstances exist and, for the reasons stated herein, DENY plaintiff's motion to appoint pro bono counsel without prejudice.

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)(citation omitted). Although assistance of a trained attorney can be an asset in litigation, the Sixth Circuit has held that there is no right guaranteed by the U.S. Constitution to have counsel be appointed in civil litigation, and denial of appointment is generally within the court's discretion. *See Lavado*, 992 F.2d at 604 ("A district court has discretion to appoint counsel for an indigent civil litigant."); *Lofton v. City of Cleveland*, Case No. 1:08-cv-1378, 2010 U.S. Dist. LEXIS 61704, *5 (N.D. Ohio Jun. 22, 2010)

(citing with parenthetical support *Johnson v. Shaker Heights City Sch. Dist.*, Case No. 1:06-cv-2680, 2007 U.S. Dist. LEXIS 17963, *11 (N.D. Oh. Mar. 12, 2007) ("It is well-settled that although a criminal defendant has a constitutional right to representation even if the defendant cannot afford counsel, there is not [a] similar right to counsel in civil litigation.")).  The appointment of pro bono counsel in a civil matter should only be granted when justified by "exceptional circumstances."  *Lavado*, 992 F.2d at 606.  In determining whether exceptional circumstances exist, the type of case, complexity of the legal and factual issues, and the plaintiff's ability to represent himself are all relevant factors for a trial court evaluate.  *Id*.  Moreover, Local Civil Rule 83.10 makes it clear that the court has discretion to assign pro bono counsel in only "limited" circumstances.

Exceptional circumstances do not exist to justify the appointment of pro bono counsel in this matter.  This civil matter arises out of an allegedly unconstitutional traffic stop.  Although the constitutional claims and facts in the complaint are described with significant detail and may have some unique nuance, the underlying constitutional basis for plaintiff's claims—an allegedly unconstitutional investigative traffic stop—are not a novel area of the law, and neither are the theories of liability presented exceptionally complex.  In considering the facts and legal issues described, I cannot conclude that the topics rise to the level of complexity that requires appointment of counsel.  To this factor, it is persuasive that plaintiff has been able to independently develop the central facts and legal positions in drafting his own complaint.  Relatedly, as to plaintiff's ability to represent himself, plaintiff chose to initiate this action without assistance of counsel.  In so doing, plaintiff presumably understood that he would be responsible for litigating on behalf of himself.  Undeterred by the task of representing himself, at least at the outset, plaintiff determined to pursue this matter in federal court without an attorney,

as is his right to avail himself of the judicial process. On the foregoing evaluation of factors articulated by the Sixth Circuit and consistently applied by courts within the Sixth Circuit, I do not find that exceptional circumstances exist here.

Because exceptional circumstances do not exist to justify the appointment of pro bono counsel, plaintiff's request is hereby DENIED without prejudice.[1] Further, nothing in this Order precludes plaintiff from inquiring with local bar associations or other legal services organizations about the potential availability of pro bono counsel through their resources.

**IT IS SO ORDERED.**

Dated: October 27, 2023

Thomas M. Parker
United States Magistrate Judge

---

[1] The court directs plaintiff to the number of *pro se* resources available on the Northern District of Ohio's website, which may prove helpful, and further indicates that the local rules of civil procedure (with which plaintiff should be familiar and must comply with) are also accessible on the Northern District's website.